No. 25-50695

# In the United States Court of Appeals for the Fifth Circuit

Rabbi Mara Nathan, Rabbi, on behalf of herself and on behalf of her minor child, M.N.; et al.,

*Plaintiffs-Appellees,*

*v.*

Alamo Heights Independent School District; et al.,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the Western District of Texas, San Antonio Division

## REPLY IN SUPPORT OF MOTION FOR INITIAL HEARING EN BANC

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

William R. Peterson
Solicitor General
William.Peterson@oag.texas.gov

William F. Cole
Principal Deputy Solicitor General

Daniel M. Ortner
Assistant Solicitor General

*Counsel for Defendants-Appellants*

## CERTIFICATE OF INTERESTED PERSONS

No. 25-50695

RABBI MARA NATHAN, RABBI, on behalf of herself and on behalf of her minor child, M.N.; et al.,

*Plaintiffs-Appellees,*

*v.*

ALAMO HEIGHTS INDEPENDENT SCHOOL DISTRICT; et al.,

*Defendants-Appellants.*

---

Under the fourth sentence of Fifth Circuit Rule 28.2.1, the Defendants-Appellants, as governmental parties, need not furnish a certificate of interested persons.

/s/ William R. Peterson
WILLIAM R. PETERSON

*Counsel of Record for Defendants-Appellants*

# Table of Contents

Page

Certificate of Interested Persons ............................................................. i

Table of Authorities ............................................................................... iii

Introduction ............................................................................................ 1

Argument ................................................................................................ 2

    I.   Initial Hearing En Banc Is Warranted Because of *Roake*. ............................ 2

    II.   Initial Hearing En Banc Would Benefit this Court by Presenting a More Complete Record. .................................................................................... 3

    III.  Plaintiffs' Merits Arguments Highlight Why En Banc Review Is Appropriate. ............................................................................................ 5

Conclusion .............................................................................................. 7

Certificate of Service .............................................................................. 8

Certificate of Compliance ....................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases:**

*Am. Legion v. Am. Humanists Ass'n,*
  588 U.S. 29 (2019) ................................................................. 5

*Dunagin v. City of Oxford, Miss.,*
  718 F.2d 738 (5th Cir. 1983) .................................................. 3

*Groff v. DeJoy,*
  600 U.S. 447 (2023) ............................................................... 5

*Kennedy v. Bremerton Sch. Dist.,*
  597 U.S. 507 (2022) ............................................................ 5, 6

*Lemon v. Kurtzman,*
  403 U.S. 602 (1971) ............................................................... 5

*Lockhart v. McCree,*
  476 U.S. 162 (1986) ............................................................... 4

*Roake v. Brumley,*
  141 F.4th 614 (5th Cir. 2025) ....................................... *passim*

*Shurtleff v. City of Boston,*
  596 U.S. 243 (2022) ............................................................... 6

*Stone v. Graham,*
  449 U.S. 39 (1980) ............................................................. 4, 5

*Van Orden v. Perry,*
  545 U.S. 677 (2005) ............................................................... 4

*Williams v. Catoe,*
  946 F.3d 278 (5th Cir. 2020) .................................................. 1

## Introduction

Plaintiffs do not refute the key reason that initial en banc review is appropriate: *Roake v. Brumley*, 141 F.4th 614 (5th Cir. 2025). The decision featured prominently in the district court's opinion and would undoubtedly be the central of focus of any appeal to a panel. Indeed, Plaintiffs repeatedly argued to the district court that *Roake* controlled the outcome of their preliminary injunction motion, and they would surely make the same arguments on appeal.

Given the similarities between the Texas and Louisiana laws and the rule of orderliness, it would be inefficient and unnecessary for Defendants to appeal first to a panel and then to seek en banc review afterwards. *See Williams v. Catoe*, 946 F.3d 278, 279 (5th Cir. 2020) (en banc) (approving of "initial en banc hearing as an efficient means of revisiting [an] issue . . . without requiring the matter to percolate uselessly through a panel"). If this Court will hear the issue en banc, there is no reason to wait until after a panel decision.

Plaintiffs' arguments primarily concern the merits, arguing that en banc review should be denied both in this appeal and in *Roake*. But as detailed in Defendants' motion (and in Louisiana's petition in *Roake*), these important and complex issues warrant consideration by the en banc court, and by granting initial hearing en banc in this case and considering it alongside *Roake*, this Court will have the benefit of a more complete evidentiary record as it considers these legal issues.

This Court should thus grant initial hearing en banc.

# ARGUMENT

## I.   Initial Hearing En Banc Is Warranted Because of *Roake*.

Defendants' motion explains (at 6-7) the centrality of *Roake*'s holding regarding a similar Louisiana law to this appeal. Plaintiffs' two responses lack merit.

*First*, Plaintiffs note that "the district court here did not rely exclusively on *Roake*." Resp. at 2. But the district court explained that *Roake* was binding and thus that it "need look no further in its analysis." App.78. And before the district court, Plaintiffs repeatedly argued that *Roake* controls their challenge to the Texas law at issue. *See* App.83 (arguing that *Roake* controls because the Louisiana and Texas laws are "identical"); App.278 (arguing in opening that *Roake* "is binding on all courts in the Fifth Circuit"); App.512 (arguing that it is "quite clear" that *Roake* "remains binding on district courts within the Fifth Circuit"). Nor do Plaintiffs deny that they will raise identical arguments in an appeal to a panel.

*Second*, Plaintiffs argue judicial economy does not favor initial en banc review because of their Free Exercise claim. Resp. at 7. But a similar claim is present in *Roake* and is no barrier to Louisiana seeking en banc review. *See* 141 F.4th at 639 n.16 ("Because we do not address whether Plaintiffs have standing to press their Free Exercise Claims, we do not reach Louisiana's arguments regarding these claims." (citation omitted)). There is no reason to believe that a panel hearing this appeal would follow a different order of decision.

The en banc court should treat *Roake* and this appeal in the same manner. After reversing the Establishment claim, the en banc court should either decide both Free

Exercise claims in the first instance or remand both to a panel. Either way, the Free Exercise claim is not a barrier to en banc review, either in *Roake* or in this appeal.

## II. Initial Hearing En Banc Would Benefit this Court by Presenting a More Complete Record.

Initial hearing of this appeal en banc alongside *Roake* is also warranted because of the more complete evidentiary record that will assist the Court. The *Roake* panel noted that "Louisiana did not present any expert testimony." *Roake*, 141 F.4th at 648. And the district court in that case observed that there was a "lack of compelling counterevidence." *Id.* at 647. In this case, however, Defendants presented the expert testimony of Professor Hall, one of the nation's foremost experts regarding the Founders' views on religion and the influence of the Ten Commandments in American history. App.144-79.

In response, Plaintiffs point to the district court's finding that their expert was more credible than Professor Hall. Resp. at 19. But this case does not involve adjudicative questions of fact, which are "specifically related to this one case or controversy." *Dunagin v. City of Oxford, Miss.*, 718 F.2d 738, 748 n.8 (5th Cir. 1983); *see id.* (rejecting the argument that this Court should defer to a district court's evaluation of "[t]he writings and studies of social science experts on legislative facts" because they do not concern "a question specifically related to this one case or controversy").

Instead, Professors Green and Hall are two expert historians presenting evidence about the founding era to address the *legal* question of whether a public, government-sponsored display of the Ten Commandments in public schools would

have been seen as bearing one of the hallmarks of an establishment of religion. This Court can and should independently assess this full body of evidence *de novo*. *See Lockhart v. McCree*, 476 U.S. 162, 170 n.3 (1986) (explaining that the Supreme Court was "far from persuaded" that clear error was the proper standard for the evaluation of "legislative facts" such as drawing conclusions based on "social science studies").

Plaintiffs also argue that since Professor Hall filed an amicus brief in the *Roake* case there is no need to consider his testimony in this case. Resp. at 19. But his testimony in this case was far more extensive than what is before this Court in *Roake*, including providing additional highly relevant examples of the Ten Commandments' use in educational settings in the Founding Era and even after the advent of public schools. App.406-16. And Professor Hall's expert report and testimony pointed out significant weaknesses in Professor Green's analysis. App.174-78, 419.

Plaintiffs also argue that if *Stone v. Graham*, 449 U.S. 39 (1980) (per curiam), remains controlling, then this Court need not consider "historical practices and understandings." Resp. at 2-3. But "historical practices and understandings" have always been relevant in Establishment Clause cases, even under the Supreme Court's older approaches. For instance, in *Van Orden v. Perry* an "unbroken history of official acknowledgment by all three branches of government of the role of religion in American life from at least 1789" played a key role in why the Supreme Court upheld the Ten Commandments display outside of the Texas Capitol. 545 U.S. 677, 686 (2005). Even though historical evidence has become even more significant in

light of the Supreme Court's recent confirmation that *Lemon* has been overruled, it remains relevant regardless of which test the Court utilizes.

Considering this case alongside *Roake* will provide a fuller record and allow this Court to better assess whether laws requiring the display of the Ten Commandments in the classroom violate the Founding-era understanding of an establishment of religion.

## III. Plaintiffs' Merits Arguments Highlight Why En Banc Review Is Appropriate.

Much of Plaintiffs' response concerns merits arguments that *Roake* and this case were correctly decided. But these merits issues are precisely what should be decided by the Court sitting en banc.

For instance, Plaintiffs argue that *Stone v. Graham* remains good law. Resp. at 18-19. But Defendants argue that *Stone* no longer controls because it merely applied the *Lemon* test: "We conclude that [the law at issue] violates the first part of the *Lemon v. Kurtzman*, test, and thus the Establishment Clause of the Constitution." 449 U.S. at 42-43. *See Lemon v. Kurtzman*, 403 U.S. 602 (1971). *Stone*'s conclusion that the law at issue "violates the first part of the *Lemon* … test," 449 U.S. at 43, is no longer applicable. *Lemon* is a standard that the Supreme Court has "long ago abandoned," *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 534 (2022) (citing *Am. Legion v. Am. Humanists Ass'n*, 588 U.S. 29, 48-52 (2019) (plurality op.)), and has finally "now abrogated," *Groff v. DeJoy*, 600 U.S. 447,460 & n.7 (2023).

The Court should instead ask whether the Ten Commandments display contains one "the foremost hallmarks of religious establishments the framers sought

to prohibit when they adopted the First Amendment." *Kennedy*, 597 U.S. at 537 & n. 5 (citing *Shurtleff v. City of Boston*, 596 U.S. 243, 284-88 (2022) (Gorsuch, J., concurring)). Neither side disputes that these important constitutional questions are appropriate for the full Court's consideration.

This case also presents important jurisdictional questions that should be considered by the en banc Court. Plaintiffs' argument that this case does not involve "offended-observer" standing, Resp. at 10 n.4, simply highlights the need for the Court to clarify standing in the Establishment Clause context. The decision below went well beyond this Court's precedent by holding that students had standing to challenge S.B. 10 when they (1) are only required to sit in the same classroom as a Ten Commandments display; (2) have not yet encountered a display; and (3) were not certain what the displays would look like or their context.

Finally, en banc review is warranted to resolve the circuit split that *Roake* created with the Third and Fourth Circuits regarding the burden of proof in Establishment Clause cases. *See* Mot. at 12. Plaintiffs argue that the facts of those out-of-circuit cases differ from the facts here. Resp. at 15-16. But even if Plaintiffs' factual distinctions are correct, that does not resolve the important legal question regarding the proper allocation of the burden of proof for Establishment Clause claims. This is an important question that requires a uniform answer from the full Court.

Plaintiffs' merits arguments only underscore the significant and complex issues of constitutional law that warrant consideration by the en banc Court. Rather than proceed to a hearing before a panel, this Court should grant Defendants' motion for initial hearing en banc and consider this case alongside *Roake*.

6

## Conclusion

For these reasons, this Court should grant the motion and set this appeal for initial hearing en banc.

Respectfully submitted.

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General


Office of the Attorney General
P.O. Box 12548 (MC 059)
Austin, Texas 78711-2548
Tel.: (512) 936-1700
Fax: (512) 474-2697

/s/ William R. Peterson
William R. Peterson
Solicitor General
William.Peterson@oag.texas.gov

William F. Cole
Principal Deputy Solicitor General

Daniel M. Ortner
Assistant Solicitor General


*Counsel for Defendants-Appellants*

## CERTIFICATE OF SERVICE

On September 19, 2025, this document was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of Symantec Endpoint Protection and is free of viruses.

/s/ William R. Peterson

WILLIAM R. PETERSON

## CERTIFICATE OF COMPLIANCE

This motion complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d) because it contains 1,649 words, excluding the parts of the brief exempted by Rule 32(f); and (2) the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the same program used to calculate the word count).

/s/ William R. Peterson

WILLIAM R. PETERSON