No. 25-50695

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

Rabbi Mara Nathan, on behalf of herself & her minor child, M.N.; Virginia Galaviz Eisenberg & Ron Eisenberg, on behalf of themselves & their minor child, R.E.; Cantor Seth Ettinger & Sarah Ettinger, on behalf of themselves & their minor child, R.E.; Elizabeth Lemaster, on behalf of herself & her minor children, K.L. & L.L.; Carah Helwig, on behalf of herself and her minor children, J.P. & T.P.; Alyssa Martin & Cody Barker, on behalf of themselves & their minor child, H.B.M.; Lauren Erwin, on behalf of herself & her minor child, M.E.; Rebekah Lowe & Theodore Lowe, on behalf of themselves & their minor children, E.R.L. & E.M.L.; Marissa Norden & Wiley Norden, on behalf of themselves & their minor children, E.N. & A.N.; Rabbi Joshua Fixler, on behalf of himself and his minor children, D.F., E.F., & F.F.; Reverend Cynthia Mood, on behalf of herself & her minor children, L.M. & C.M.; Cheryl Rebecca Smith, on behalf of herself & her minor child, L.P.J.; Arvind Chandrakantan, on behalf of himself & his minor children, V.C., M.C., & A.C.; Allison Fitzpatrick, on behalf of herself & her minor children, C.F. & H.F.; & Mara Richards Bim, on behalf of herself and her minor child, H.B.,

*Plaintiffs-Appellees*,

v.

Alamo Heights Independent School District; North East Independent School District; Lackland Independent School District; Northside Independent School District; Austin Independent School District; Lake Travis Independent School District; Dripping Springs Independent School District; Houston Independent School District; Fort Bend Independent School District; Cypress Fairbanks Independent School District; & Plano Independent School District

*Defendants-Appellants.*

**UNOPPOSED MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF**

RUSSELL COLEMAN
  *Kentucky Attorney General*

MATTHEW F. KUHN
  *Solicitor General*
JOHN H. HEYBURN
  *Principal Deputy Solicitor General*
CALEB B. CHILDERS
  *Assistant Solicitor General*
OFFICE OF THE KENTUCKY
ATTORNEY GENERAL
1024 Capital Center Drive
Suite 200
Frankfort, Kentucky 40601
(502) 696-5300
Matt.Kuhn@ky.gov
Jack.Heyburn@ky.gov
Caleb.Childers@ky.gov

*Counsel for Amici States*

**SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS**

Amici States are governmental parties. Under Fifth Circuit Rule 28.2.1, a supplemental certificate of interested persons is not required.

# MOTION

The Commonwealth of Kentucky and the States of Alabama, Alaska, Arkansas, Florida, Idaho, Indiana, Iowa, Kansas, Mississippi, Missouri, Montana, Nebraska, Ohio, South Carolina, South Dakota, Tennessee, Utah, and West Virginia (together, the amici States) respectfully move for leave to file their tendered amicus brief. This motion is unopposed.

As separate sovereigns, the amici States have a profound interest in the proper interpretation of the Establishment Clause of the First Amendment. For decades, that provision was distorted by the Supreme Court's three-part test from *Lemon v. Kurtzman*, 403 U.S. 602, 612–13 (1971). Too often, *Lemon*'s test led to "results more hostile to religion than anything a careful inquiry in the original understanding of the Constitution could contain." *See Shurtleff v. City of Boston*, 596 U.S. 243, 284 (2022) (Gorsuch, J., concurring in the judgment). In fact, some of the amici States had state laws enjoined under *Lemon*'s test. *See, e.g.*, *Adland v. Russ*, 307 F.3d 471 (6th Cir. 2002) (upholding injunction against Kentucky law requiring display of Ten Commandments on the state Capitol grounds).

Now that *Lemon* is no more, *Groff v. DeJoy*, 600 U.S. 447, 460 & n.7 (2023), the amici States write to provide their perspective on how the Court should treat a *Lemon*-driven precedent like *Stone v. Graham*, 449 U.S. 39 (1980) (per curiam). Amicus curiae Kentucky remembers *Stone* especially well, given that the Supreme Court there found that a Kentucky statute violates the Establishment Clause. In their tendered amicus

2

brief, the amici States offer three points about how to apply *Stone* here. First, they explain why *Stone*'s holding cannot sustain a facial challenge to Texas's law. Second, they recount how *Stone* became a vanishing precedent even before *Lemon* was abrogated. Third, they urge the Court not to extend, or even apply, *Stone* here given that *Lemon* has been overturned.

\*\*\*

For these reasons, the amici States respectfully ask the Court to grant them leave to file their tendered amicus brief.

Dated: December 1, 2025

Respectfully submitted,

RUSSELL COLEMAN
  *Kentucky Attorney General*

/s/ Matthew F. Kuhn
MATTHEW F. KUHN
  *Solicitor General*
JOHN H. HEYBURN
  *Principal Deputy Solicitor General*
CALEB B. CHILDERS
  *Assistant Solicitor General*
OFFICE OF THE KENTUCKY
ATTORNEY GENERAL
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
(502) 696-5300
Matt.Kuhn@ky.gov
Jack.Heyburn@ky.gov
Caleb.Childers@ky.gov

*Counsel for Amici States*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitations set forth in Fed. R. App. P. 27(d)(2). This motion contains 325 words, including all headings, footnotes, and quotations, and excluding the parts of the response exempted under Fed. R. App. P. 32(f).

In addition, this motion complies with the typeface and type style requirements of Fed. R. App. P. 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365 in 14-point Garamond font.

Dated: December 1, 2025

*/s/ Matthew F. Kuhn*
Matthew F. Kuhn
*Counsel for Amici States*

## CERTIFICATE OF SERVICE

I certify that on December 1, 2025, I electronically filed this document using the Court's CM/ECF system, which will serve all counsel of record.

*/s/ Matthew F. Kuhn*
Matthew F. Kuhn
*Counsel for Amici States*
