# *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

April 21, 2026

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding:  Fifth Circuit Statement on Petitions for Rehearing
            or Rehearing En Banc

   No. 25-50695   Nathan v. Alamo Heights ISD
                  USDC No. 5:25-CV-756

Enclosed is a copy of the court's decision.  The court has entered judgment under Fed. R. App. P. 36.  (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

Fed. R. App. P. 39 through 41, and Fed. R. App. P. 39, 40, and 41 govern costs, rehearings, and mandates.  **Fed. R. App. P. 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order.**  Please read carefully the Internal Operating Procedures (IOP's) following Fed. R. App. P. 40 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

Direct Criminal Appeals.  Fed. R. App. P. 41 provides that a motion for a stay of mandate under Fed. R. App. P. 41 will not be granted simply upon request.  The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court.  Otherwise, this court may deny the motion and issue the mandate immediately.

Pro Se Cases.  If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for certiorari in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41.  The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

Court Appointed Counsel.  Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order.  If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **and advise them of the time limits for filing for rehearing and certiorari**.  Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

The judgment entered provides that Appellees pay to Appellants the costs on appeal.  A bill of cost form is available on the court's website www.ca5.uscourts.gov.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Sean Hannan, Deputy Clerk
504-310-7702

Enclosure(s)

Mr. Thomas Paul Buser-Clancy
Mr. Caleb Childers
Mr. William Francis Cole
Ms. Sarah Corning
Mr. Patrick Elliott
Mr. William Howard Farrell
Ms. Rebecca Avrutin Foley
Mr. Kevin H. Fulton Jr.
Mr. Samuel Troxell Grover
Mr. David J. Hacker
Ms. Heather Gebelin Hacker
Ms. Lindsay Claire Harrison
Ms. Chloe Kempf
Mr. Matthew F. Kuhn
Ms. Camille Loftin
Mr. Alex J. Luchenitser
Mr. Daniel Mach
Mr. Jon Rodney Meador
Mr. Jonathan F. Mitchell
Mr. Daniel Ortner
Ms. Jayme Partridge
Mr. William R. Peterson
Ms. Jayne Piana
Ms. Adriana Cecilia Pinon
Ms. Elizabeth Ritvo
Ms. Kelly Swanson
Ms. Amy Tai
Ms. Heather Weaver
Ms. Emily Westridge Black
Ms. Julia K. York
Mr. Jonathan K. Youngwood